3:22-cv-03089-SEM-KLM # 1-1 Page 1 of 19

E-FILED
Thursday, 02 June, 2022 12:23:07 PM
Clerk, U.S. District Court, ILCD

EFILED
5/19/2022 12:35 PM
Paul Palazzolo
7th Judicial Circuit
Sangamon County, IL

<span style="color:red">**EXHIBIT A**</span>

## IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT
## SANGAMON COUNTY, ILLINOIS

| | |
|---|---|
| ILLINOIS FUEL & RETAIL ASSOCIATION, SAUNDERS OIL CO., INC., and FREEDOM OIL COMPANY, on their own behalf and on behalf of a Class of Retailers Similarly Situated, ) ) ) ) ) ) | |
| Plaintiffs, ) ) | |
| -vs- ) ) | Case No. 2022MR000227 |
| ILLINOIS DEPARTMENT OF REVENUE and DAVID HARRIS, Director of the Department of Revenue, in his official capacity, and DAN WRIGHT, in his Official Capacity and as Representative for all Illinois State's Attorneys ) ) ) ) ) ) | |
| Defendants. ) | |

### COMPLAINT

Now comes ILLINOIS FUEL & RETAIL ASSOCIATION, SAUNDERS OIL CO., INC., and FREEDOM OIL COMPANY, on their own behalf and on behalf of a class of retailers similarly situated (collectively, "Plaintiffs"), and for their complaint against the ILLINOIS DEPARTMENT OF REVENUE and DAVID HARRIS, Director of the Department of Revenue, in his official capacity, and DAN WRIGHT, in his Official Capacity and as Representative for all Illinois State's Attorneys (collectively, "Defendants"), state as follows:

1.  This case seeks to protect fundamental State and Federal Constitutional rights. It is a civil rights action brought under Article 1, Section 4 of the Illinois Constitution, the First and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. § 1983, challenging the Defendants attempts to infringe on Plaintiffs' rights to freedom of speech and of equal protection.

Page 1 of 9

2. Defendants are charged with enforcing a recently amended state statute, namely 35 ILCS 505/2, that compels Plaintiffs to speak on behalf of the Illinois government and imposes a penalty on Plaintiffs for violating the statute, but not on others similarly situated.

3. As such, Plaintiffs seek a declaration that Defendants seek to violate Plaintiffs' clearly established constitutional rights as set forth herein; a declaration that the statute at issue is facially unconstitutional; a declaration that Defendants' compulsion of Plaintiffs' speech violates the Illinois Constitution, the United States Constitution, and 42 U.S.C. § 1983 as set forth herein; a declaration that SB 157 violates Plaintiffs' equal protection rights guaranteed by the United States Constitution; both a preliminary and a permanent injunction enjoining the enforcement of the provisions of the Motor Fuel Tax Law that compel Plaintiffs' speech; and nominal damages for the past loss of Plaintiffs' constitutional rights. Plaintiffs also seek an award of reasonable costs of litigation, including attorneys' fees and expenses, pursuant to 42 U.S.C. § 1988 and other applicable laws.

4. Plaintiff Illinois Fuel & Retail Association is a trade association serving 500 businesses in the petroleum distribution and retail industries that expressly seeks to foster a cooperative spirit between petroleum marketers, operators, and retailers, and serves as their voice throughout Illinois to benefit and protect their rights and businesses.

5. Illinois Fuel & Retail Association seeks to protect the interests of its members, which include Saunders Oil Co., Inc. and Freedom Oil Company, who are directly affected by the amendments to the Motor Fuel Tax Act at issue due to the fines and criminal charges SB 157 seeks to impose upon them in contradiction of their constitutional rights.

6. Plaintiff, Saunders Oil Co., Inc., is corporation registered to do business in the State of Illinois, and is a retailer of motor fuel with retail dispensing devices that are used to dispense motor fuel in the State of Illinois, including Jo Daviess County. *See* Exhibit A.

7. Plaintiff, Freedom Oil Company, is corporation registered to do business in the State of Illinois, and is a retailer of motor fuel with retail dispensing devices that are used to dispense motor fuel in the State of Illinois, including McLean, Peoria, Woodford, Tazewell, and Sangamon Counties. *See* Exhibit B.

8. Defendant, Illinois Department of Revenue, is a department of the State of Illinois under the jurisdiction of the Governor, and is charged with making rules and regulations relating to the administration and enforcement of the Motor Fuel Tax Act. 35 ILCS 505/14.

9. Defendant, David Harris, is the Director of the Department of Revenue and is named in his official capacity.

10. Defendant, Dan Wright, the State's Attorney for Sangamon County, is charged with prosecuting and enforcing violations of state law, and is named in his official capacity, and as a representative for all other Illinois State's Attorneys similarly charged with commencing and prosecuting violations of state law. 55 ILCS 5/3-9005.

11. The Motor Fuel Tax Law, 35 ILCS 505/1, *et. al*, was approved March 25, 1929, and has been in effect since July 1, 1929.

12. The Motor Fuel Tax Law imposes a tax on the privilege of operating motor vehicles upon the public highways and recreational-type watercraft upon the waters of the State. 35 ILCS 505/2.

13. SB 157 recently amended Section 2 of the Motor Fuel Tax Law.

14. Among the amendments to Section 2 include the addition of subsection (a-5), which provides:

> "Beginning on July 1, 2022 and through December 31, 2022, each retailer of motor fuel shall cause the following notice to be posted in a prominently visible place on each retail dispensing device that is used to dispense motor fuel in the State of Illinois: "As of July 1, 2022, the State of Illinois has suspended the inflation adjustment to the motor fuel tax through December 31, 2022. The price on this pump should reflect the suspension of the tax increase." The notice shall be printed in bold print on a sign that is no smaller than 4 inches by 8 inches. The sign shall be clearly visible to customers. Any retailer who fails to post or maintain a required sign through December 31, 2022 is guilty of a petty offense for which the fine shall be $500 per day per each retail premises where a violation occurs." 35 ILCS 505/2(a-5).

15. The Illinois Department of Revenue has written and mailed notices to retailers informing them of the requirements of SB 157, and has written an informational bulletin that notes the penalties imposed upon any retailer who fails to post the notices. Exhibits C and D.

16. This specific amendment to the Motor Fuel Tax Law requires Plaintiffs and other retailers to choose between making a political statement they do not wish to make to their customers or the general public on behalf of the State of Illinois, or facing criminal penalties.

17. SB 157 violates Plaintiffs' Free Speech rights as protected by Article 1, Section 4 of the Illinois Constitution and the First Amendment to the United States Constitution by compelling political speech.

18. As government entities and employees, Defendants are mandated to comply with the State and Federal Constitutions, including Article 1, Section 4 of the Illinois Constitution and the First and Fourteenth Amendments to the United States Constitution.

19. SB 157 violates the Illinois and United States Constitutions by compelling the speech of

Plaintiffs. *Wooley v. Maynard*, 430 U.S. 705, 713 ("the right of freedom of thought protected by the First Amendment against state action includes both the right to speak freely and the right to refrain from speaking at all. . . . The right to speak and the right to refrain from speaking are complementary components of the broader concept of 'individual freedom of mind.'").

20. The nature of this speech is undoubtedly political, as has been recognized by multiple government officials.

21. When asked to comment on the compelled signage during a House Executive Committee Meeting on April 6, 2022, Representative Michael J. Zalewski stated the signs would serve "as a reminder to the . . . pumping nation . . . the pumping Illinoisans that . . . *as a result of the work of the General Assembly* the [cost of living] adjustment has not gone into effect" and that as people are pumping gas, "their gaze will fix upon the pump and maybe they'll read about *the good things we did*." (emphasis added).

22. Governor JB Pritzker's recently published "It Means" political campaign advertisement makes direct reference to the Motor Fuel Tax amendment by asserting that "JB froze the gas tax." https://www.youtube.com/watch?v=KdyZ18yJaIU.

23. As referenced in other parts of Governor Pritzker's political advertisement, SB 157 also amended certain portions of the Use Tax Act to temporarily suspend certain other taxes during the same period of time addressed in the amendment to the Motor Fuel Tax Law.

24. The amendment to the Use Tax Act compels similar speech from similarly situated retailers.

25. Specifically, 35 ILCS 105/3a of the Use Tax Act was amended to include:

    "In addition, retailers who sell items that would have been taxed at the 1%

Page 5 of 9

tax rate for the 0% rate imposed under this amendatory Act of the 102nd General Assembly shall, to the extent feasible, include the following statement on any cash register tape, receipt, invoice, or sales ticket issued to customers: "From July 1, 2022 through July 1, 2023, the State of Illinois sales tax on groceries is 0%.". If it is not feasible for the retailer to include the statement on any cash register tape, receipt, invoice, or sales ticket issued to customers, then the retailer shall post the statement on a sign that is clearly visible to customers. The sign shall be no smaller than 4 inches by 8 inches." 35 ILCS 105/3a.

26. While the compelled speech of retailers subject to the Use Tax Act is similar to the compelled speech imposed on retailers subject to the Motor Fuel Tax Law, the criminal penalties imposed under the Motor Fuel Tax Law amendments are noticeably absent from the amendments to the Use Tax Act.

27. As a result, SB 157 treats retailers subject to the Motor Fuel Tax Law differently than retailers subject to the Use Tax Act, and there is no rational basis for this distinction.

28. The imposition of a criminal offense and penalties for some retailers, such as Plaintiffs, who fail to abide by the State's attempts to compel political speech regarding tax suspensions, but not all who are similarly situated, is a clear violation of Plaintiffs' Equal Protection rights guaranteed by the United States and State of Illinois Constitutions. *See Skinner v. State of Oklahoma ex rel. Williamson*, 316 U.S. 535, 541 ("The guaranty of 'equal protection of the laws' is a pledge of the protection of equal laws." (citations omitted)).

29. As a result of the aforementioned speech compulsion created and adopted under color of state law, which also anticipates enforcement under color of state law, Defendants seek to deprive Plaintiffs of their rights protected by the Free Speech Clause of the Illinois Constitution and the First Amendment to the United States Constitution, as applied to the

states and their political subdivisions under the Fourteenth Amendment, and their Equal Protection rights also guaranteed by the Fourteenth Amendment to the United States Constitution. *See Wooley*, 430 U.S. at 705-06 ("The State may not constitutionally require an individual to participate in the dissemination of an ideological message by displaying it on his private property in a manner and for the express purpose that it be observed and read by the public.")

30. Defendants seek to share specific political actions taken by state actors by compelling Plaintiffs to engage in political speech.

31. By requiring that Plaintiffs display the particularized message required by SB 157, viewers of the required sign will mistakenly perceive that Plaintiffs have the desire to endorse the political message and to support the state actors. *See* Exhibits A and B.

32. Any interest Defendants may have in compelling Plaintiffs to engage in such speech is outside the scope of the Motor Fuel Tax Law's purposes and serves no legitimate governmental interest.

33. There is no nexus between forcing Plaintiffs to give up their free speech rights and any legitimate governmental interest.

34. The compulsion is not narrowly tailored in furtherance of a legitimate government interest.

35. The burden on Plaintiffs' free speech rights resulting from being forced to speak in a way that facilitates the spreading of political statements is not proportional to any governmental interest in forcing Plaintiffs to provide such information as that information can be communicated in any number of alternative ways.

36. One alternative method of communicating this information has already been accomplished with Governor JB Pritzker's aforementioned "It Means" campaign ad that asserts "JB froze the

gas tax."

37. As a direct and proximate result of Defendants' violations of the Free Speech Clause of the First Amendment to the U.S. Constitution, the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution, and the Freedom of Speech rights enumerated in the Illinois Constitution, Plaintiffs will suffer irreparable harm, including the loss of their constitutional rights, entitling them to declaratory and injunctive relief to ensure the status quo is preserved.

38. Plaintiffs will suffer irreparable injury if relief is not granted by this Court, as Plaintiffs will be charged with a petty offense and a $500 per day fine per violation if Plaintiffs fail to post the compelled notice, and no adequate remedy at law exists. *See* Exhibits A and B.

39. Plaintiffs are likely to succeed on the merits of their claims.

40. WHEREFORE, Plaintiffs respectfully request that:

   i. This Court render a Declaratory Judgment that SB 157:

      (1) Violates Art. 1 § 4 of the Illinois Constitution;

      (2) Violates the First Amendment to the United States Constitution; and

      (3) Violates the Fourteenth Amendment to the United States Constitution;

   ii. This Court enter a preliminary injunction enjoining Defendants from enforcing SB 157 in a way that violates the rights of Plaintiffs;

   iii. This Court enter an injunction permanently enjoining Defendants from enforcing SB 157 in a way that violates the rights of Plaintiffs;

   iv. This Court award Plaintiffs attorney's fees and costs against the Defendants pursuant to, at least, 42 U.S.C. § 1988; and

   v. This Court award such other relief as it deems just and equitable.

ILLINOIS FUEL & RETAIL ASSOCIATION, SAUNDERS OIL CO., INC., and FREEDOM OIL COMPANY, on their own behalf and on behalf of a Class of Retailers Similarly Situated,

By: _/s/ Donald M. Craven_
    Donald M. Craven, Their Attorney

Donald M. Craven (#6180492)
Joseph A. Craven (#6340231)
**Donald M. Craven, P.C.**
1005 North Seventh Street
Springfield, IL  62702
Telephone:  217-544-1777
Facsimile:  217-544-0713
E-Mail:  don@cravenlawoffice.com
         joe@cravenlawoffice.com
         maralee@cravenlawoffice.com

IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT
SANGAMON COUNTY, ILLINOIS

| | |
|---|---|
| ILLINOIS FUEL & RETAIL ASSOCIATION, SAUNDERS OIL CO., INC., and FREEDOM OIL COMPANY, on their own behalf and on behalf of a Class of Retailers Similarly Situated, ) ) ) ) ) | |
| Plaintiffs, ) ) | |
| -vs- ) ) | Case No. |
| ILLINOIS DEPARTMENT OF REVENUE and DAVID HARRIS, Director of the Department of Revenue, in his official capacity, and DAN WRIGHT, in his Official Capacity and as Representative for all Illinois State's Attorneys ) ) ) ) ) ) ) | |
| Defendants. ) | |

## COMPLAINT

### AFFIDAVIT

1. My name is Brian Saunders. I am over the age of 18. The statements made herein are made on my personal knowledge and are true and correct, and I hereby swear to them under penalty of perjury.

2. I am the owner of Saunders Oil, Co., which is a member of the Illinois Fuel & Retail Association.

3. Saunders Oil, Co. is a retailer of motor fuel in Jo Daviess County.

4. Saunders Oil, Co. operates one retail facility that will be subject to the amendments of the Motor Fuel Tax Law enacted by SB 157.

5. Both myself and Saunders Oil. Co. find the statements that SB 157 compels from retailers of motor fuel to be political in nature.

6. Neither myself nor Saunders Oil, Co. have any desire to publish the statements that SB 157 compels retailers of motor fuel to publish.

7. Pursuant to the SB 157 amendments, failing to publish this political speech will subject Saunders Oil, Co. to $500 per day for each retail premises, as well as the prosecution of a petty offense.



8. Specifically, Saunders Oil. Co. would be subject to 183 days of penalties at one retail premises, for a total of $91,500.

Further affiant sayeth not.

/s/ _____
Affiant

SUBSCRIBED AND SWORN TO before me
This __19th__ day of __May__, 2022

_____
Notary Public

OFFICIAL SEAL
BENJAMIN WOODEN
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:08/17/24

IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT
SANGAMON COUNTY, ILLINOIS

ILLINOIS FUEL & RETAIL ASSOCIATION, )
SAUNDERS OIL CO., INC., and FREEDOM OIL )
COMPANY, on their own behalf and on behalf )
of a Class of Retailers Similarly Situated, )
)
    Plaintiffs, )
)
        -vs- )    Case No.
)
ILLINOIS DEPARTMENT OF REVENUE and )
DAVID HARRIS, Director of the Department of )
Revenue, in his official capacity, and DAN )
WRIGHT, in his Official Capacity and )
as Representative for all Illinois State's Attorneys )
)
    Defendants. )

## COMPLAINT

### AFFIDAVIT

1. My name is A Michael Owens. I am over the age of 18. The statements made herein are made on my personal knowledge and are true and correct, and I hereby swear to them under penalty of perjury.

2. I am the owner of Freedom Oil Company, which is a member of the Illinois Fuel & Retail Association.

3. Freedom Oil Company is a retailer of motor fuel in multiple counties, including McLean, Peoria, Woodford, Tazewell, and Sangamon Counties.

4. Freedom Oil Company. operates twenty three retail facilities that will be subject to the amendments of the Motor Fuel Tax Law enacted by SB 157.

5. Both myself and Freedom Oil Company find the statements that SB 157 compels from retailers of motor fuel to be political in nature.

6. Neither myself nor Freedom Oil Company have any desire to publish the statements that SB 157 compels retailers of motor fuel to publish.

7. Pursuant to the SB 157 amendments, failing to publish this political speech will subject Freedom Oil Company to $500 per day for each retail premises, as well as the prosecution of a petty offense.

EXHIBIT B

8. Specifically, Freedom Oil Company would be subject to 183 days of penalties at one retail premises, for a total of $2,140,500.

Further affiant sayeth not.

_____
Affiant

SUBSCRIBED AND SWORN TO before me
This __18__ day of __May__, 2022

_____
Notary Public

OFFICIAL SEAL
TINA JEAN WALTER
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:07/14/24

## Illinois Department of Revenue
## Notice for Motor Fuel Retailers - Sign Requirements

Effective July 1, 2022, through December 31, 2022, Public Act 102-0700 requires a notice to be posted in a prominently visible place on each retail dispensing device that is used to dispense motor fuel in the State of Illinois.

- The notice must contain the following statement printed in bold print: **"As of July 1, 2022, the State of Illinois has suspended the inflation adjustment to the motor fuel tax through December 31, 2022. The price on this pump should reflect the suspension of the tax increase."**

- The size of the notice must be no smaller than 4 inches by 8 inches.

The sign provided below may be reproduced and posted. Retailers may also create their own sign that meets the content and size requirements.

For more information, see Informational Bulletin FY 2022-25, Notice to Retailers: Illinois Suspends the Inflation Adjustment to the Motor Fuel Tax Rate for Six Months from July 1, 2022, through December 31, 2022.

FY 2022-25 MF-SIGN (N-05/22)
Printed by authority of the State of Illinois, Web only, One copy

*Directions: On the following page of this document, two sign images are provided for your convenience. Print and cut to the appropriate size, then post in the required locations.*

---

**As of July 1, 2022, the State of Illinois has suspended the inflation adjustment to the motor fuel tax through December 31, 2022.**

**The price on this pump should reflect the suspension of the tax increase.**

EXHIBIT C

Illinois Department of Revenue
## Notice for Motor Fuel Retailers - Sign Requirements

*Directions: Print this page, cut to remove the notices below (ensure the size is no smaller than 4 inches by 8 inches), and post in the required locations.*

---

**As of July 1, 2022, the State of Illinois has suspended the inflation adjustment to the motor fuel tax through December 31, 2022.**

**The price on this pump should reflect the suspension of the tax increase.**

---

**As of July 1, 2022, the State of Illinois has suspended the inflation adjustment to the motor fuel tax through December 31, 2022.**

**The price on this pump should reflect the suspension of the tax increase.**




Illinois Department of Revenue

**FY 2022-25**
**May 2022**

# informational Bulletin

**David Harris, Director**

## Notice to Retailers: Illinois Suspends the Inflation Adjustment to the Motor Fuel Tax Rate for Six Months from July 1, 2022, through December 31, 2022

### To: All Motor Fuel Retailers

This bulletin is written to inform you of recent changes; it does not replace statutes, rules and regulations, or court decisions.

For information
Visit our website at:
**tax.illinois.gov**

Call us at:
**1 800 732-8866** or
**217 782-3336**

Call our TDD
(telecommunications device for the deaf) at:
**1 800 544-5304**

Email us at:
**REV.TA-Sales@illinois.gov**

Public Act 102-0700 suspended the scheduled July 1, 2022, Consumer Price Index for all Urban Consumers adjustment related to the motor fuel tax rate for six months from July 1, 2022, through December 31, 2022.

### Does this change the way retailers report sales of motor fuel on Form ST-1, Sales and Use Tax and E911 Surcharge Return?

No. Retailers must continue to report sales of motor fuel in the same manner. The tax rate in place as of June 30, 2022, will remain in place through December 31, 2022.

### Are there any requirements for retailers?

Yes. Retailers must post a notice in a prominently visible place on each retail dispensing device that is used to dispense motor fuel in the state of Illinois beginning on July 1, 2022, and through December 31, 2022.

**Note:** Any retailer who fails to post or maintain a required sign through December 31, 2022, is guilty of a petty offense for which the fine shall be $500 per day per each retail premises where a violation occurs.

### What are the requirements for the content and size of the notice?

- The notice must contain the following statement printed in bold print: "As of July 1, 2022, the State of Illinois has suspended the inflation adjustment to the motor fuel tax through December 31, 2022. The price on this pump should reflect the suspension of the tax increase."
- The size of the notice must be no smaller than 4 inches by 8 inches.

A printable sign is available on our website at **tax.illinois.gov**.

**EXHIBIT D**

Printed by authority of the State of Illinois
FY 2022-25 (N-05/22) Web only, One copy

IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT
SANGAMON COUNTY, ILLINOIS

ILLINOIS FUEL & RETAIL ASSOCIATION, )
SAUNDERS OIL CO., INC., and FREEDOM OIL )
COMPANY, on their own behalf and on behalf )
of a Class of Retailers Similarly Situated, )
)
Plaintiffs, )
) Case No. 2022MR000227
-vs- )
)
ILLINOIS DEPARTMENT OF REVENUE and )
DAVID HARRIS, Director of the Department of )
Revenue, in his official capacity, and DAN )
WRIGHT, in his Official Capacity and )
as Representative for all Illinois State's Attorneys )
)
Defendants. )

### SUMMONS

To each defendant:    **David Harris, Willard Ice Building, 101 West Jefferson Street, Springfield, IL 62702**

YOU ARE HEREBY SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, in the office of the Clerk of this Court, Sangamon County Complex, 200 South Ninth Street, Springfield, IL 62701 within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

To the Officer: This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

5/19/2022

WITNESS: _____ 2022

_____
Clerk of the Court

Donald M. Craven
**Donald M. Craven, P.C.**
1005 N. 7th Street
Springfield, IL  62702
Telephone: 217-544-1777
don@cravenlawoffice.com

5/31/22

IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT
SANGAMON COUNTY, ILLINOIS

| | |
|---|---|
| ILLINOIS FUEL & RETAIL ASSOCIATION, SAUNDERS OIL CO., INC., and FREEDOM OIL COMPANY, on their own behalf and on behalf of a Class of Retailers Similarly Situated,<br><br>Plaintiffs,<br><br>-vs-<br><br>ILLINOIS DEPARTMENT OF REVENUE and DAVID HARRIS, Director of the Department of Revenue, in his official capacity, and DAN WRIGHT, in his Official Capacity and as Representative for all Illinois State's Attorneys<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   2022MR000227<br>)   Case No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**SUMMONS**

To each defendant:    Illinois Department of Revenue, Willard Ice Building, 101 West Jefferson Street, Springfield, IL 62702

YOU ARE HEREBY SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, in the office of the Clerk of this Court, Sangamon County Complex, 200 South Ninth Street, Springfield, IL 62701 within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

To the Officer: This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

5/19/2022

WITNESS: _____ 2022

_____
Clerk of the Court

Donald M. Craven
**Donald M. Craven, P.C.**
1005 N. 7th Street
Springfield, IL  62702
Telephone: 217-544-1777
don@cravenlawoffice.com

5/31/22

IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT
SANGAMON COUNTY, ILLINOIS

| | |
|---|---|
| ILLINOIS FUEL & RETAIL ASSOCIATION, ) <br> SAUNDERS OIL CO., INC., and FREEDOM OIL ) <br> COMPANY, on their own behalf and on behalf ) <br> of a Class of Retailers Similarly Situated, ) <br> ) <br> Plaintiffs, ) <br> ) <br> -vs- ) <br> ) <br> ILLINOIS DEPARTMENT OF REVENUE and ) <br> DAVID HARRIS, Director of the Department of ) <br> Revenue, in his official capacity, and DAN ) <br> WRIGHT, in his Official Capacity and ) <br> as Representative for all Illinois State's Attorneys ) <br> ) <br> Defendants. ) | Case No.  **2022MR000227** |

### SUMMONS

To each defendant:    **Dan Wright, 200 S Ninth St, Room 402, Springfield, IL 62701**

YOU ARE HEREBY SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, in the office of the Clerk of this Court, Sangamon County Complex, 200 South Ninth Street, Springfield, IL 62701 within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

To the Officer: This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

5/19/2022

WITNESS:_____ 2022

_____
Clerk of the Court
5/31/22

Donald M. Craven
**Donald M. Craven, P.C.**
1005 N. 7th Street
Springfield, IL 62702
Telephone: 217-544-1777
don@cravenlawoffice.com

RECEIVED
MAY 31 2022
SANGAMON COUNTY
STATE'S ATTORNEY OFFICE