E-FILED
Monday, 13 June, 2022  04:30:46 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

|  |  |
|---|---|
| ILLINOIS FUEL & RETAIL ASSOCIATION, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>ILLINOIS DEPARTMENT OF REVENUE, et al.,<br><br>        Defendants. | No. 3:22-cv-03089-SEM-KLM<br><br>Judge Sue E. Myerscough<br><br>Magistrate Judge Karen L. McNaught |

**DEFENDANTS' PARTIAL OPPOSITION TO
MOTION FOR CLASS CERTIFICATION**

Plaintiffs ask the Court to certify two classes under Federal Rule of Civil Procedure 23: a plaintiffs' class of "all petroleum retailers in the state" and a defendants' class of "all duly elected or appointed State['s] Attorneys." Doc. 5 ("Mot.") at 1-2. Defendants do not oppose certification of a plaintiffs' class under Rule 23(b)(2)—i.e., a class entitled, at most, to declaratory or injunctive relief. As discussed below, however, defendants oppose certification of a defendants' class at this time.

1.      Defendants do not oppose certification of a plaintiffs' class under Federal Rule of Civil Procedure 23(b)(2). "To be certified, a proposed class must satisfy the requirements of Federal Rule of Civil Procedure 23(a)"—i.e., numerosity, typicality, commonality, and adequacy of representation—"as well as one of the three alternatives in Rule 23(b)." *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 811 (7th Cir. 2012). "Plaintiffs bear the burden of showing that a proposed class satisfies the Rule 23 requirements" by "a preponderance of the evidence."

*Id.* "Rule 23 'does not set forth a mere pleading standard.'" *Bell v. PNC Bank, Nat. Ass'n*, 800 F.3d 360, 377 (7th Cir. 2015) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)).

Defendants take no position on whether plaintiffs have met their burden to show that the proposed plaintiffs' class satisfies Rule 23's numerosity, commonality, typicality, and adequacy requirements. Defendants agree, though, that if those requirements are satisfied, defendants will, beginning July 1, "act[] . . . on grounds that apply generally to the [plaintiffs'] class," Fed. R. Civ. P. 23(b)(2), by enforcing the signage requirement, such that certification of a Rule 23(b)(2) class may be appropriate here. Defendants, however, reserve their rights to oppose any other form of relief sought by plaintiffs, including the certification of a class for any other form of remedy.

2.      Certification of a defendants' class at this stage, however, would be premature. A defendants' class is certified only in "exceptional" cases. *CIGNA HealthCare of St. Louis, Inc. v. Kaiser*, 294 F.3d 849, 853 (7th Cir. 2002); *see Payton v. Cnty. of Kane*, 308 F.3d 673, 678 (7th Cir. 2002) ("Defendant classes must be treated with great care . . . ."). The Court retains "broad discretion to determine whether certification of a class is appropriate," *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 596 (7th Cir. 1993), and it should exercise that discretion here to deny class certification without prejudice.

As the Seventh Circuit has explained, "there is a potential problem with virtually all defendant classes that proceed under anything but Rule 23(b)(3)" (which requires the provision of notice and an opportunity to opt out to members of the putative class). *Ameritech Ben. Plan Comm. v. Commc'n Workers of Am.*, 220 F.3d 814, 820 (7th Cir. 2000); *see* Rubenstein et al., 2 *Newberg on Class Actions* § 5:1 (5th ed.). The chief problem created by such classes sounds in due process: A defendant class action operates to bind non-named defendants without notice or an opportunity to be heard. *Ameritech*, 220 F.3d at 820; *see also Thillens, Inc. v. Cmty. Currency Exch. Ass'n of*

*Illinois, Inc.*, 97 F.R.D. 668, 674 (N.D. Ill. 1983) ("Where representative adjudication occurs pursuant to a defendant class, due process concerns not inherent in plaintiff class actions arise."). "The crux of the distinction is: the unnamed plaintiff stands to gain while the unnamed defendant stands to lose." *Thillens*, 97 F.R.D. at 674. In part for these reasons, the Seventh Circuit has held that a court generally *cannot* certify a class action under Rule 23(b)(2), *see Henson v. E. Lincoln Twp.*, 814 F.2d 410, 417 (7th Cir. 1987), and has expressed doubt that Rule 23 "permit[s]" a court to ever certify "a defendant class without requiring notice" to the class members, *id.* at 415.

Given these issues, the Court should deny certification of the proposed defendant class at this time. Plaintiffs have not established that "certification of a class is appropriate," *Retired Chicago Police Ass'n*, 7 F.3d at 596, in the sense that it would facilitate the efficient adjudication of the case. Plaintiffs' argument appears to be that certification of a class is necessary to ensure that all state's attorneys are bound by any injunction the Court might issue. *See* Mot. 4 ("[A] finding of unconstitutionality would provide all State[']s Attorneys with identical instruction."). But the plaintiffs in *Henson*, which also involved a putative defendant class of local government officials, made essentially the same argument, and the Seventh Circuit rejected it. 814 F.3d at 414. The court explained that once a court issues a decision declaring the applicable legal rule, any governmental entity charged with enforcing the law "has strong incentives to bring itself voluntarily into prompt and full compliance." *Id.* at 415. Given the possibility of attorney's fees, moreover, governmental entities that "prove[d] obdurate in defending the indefensible w[ould] pay not only their own legal expenses but those of their adversaries." *Id.* The court thus dismissed the argument that there was necessarily a "practical difference between class treatment and individual-case treatment," *id.*, absent some evidence class treatment was particularly necessary.

The same principles apply here.  Plaintiffs have sued the Department of Revenue and its director, which have responsibility for administering the signage requirement statewide.  If the Court agrees with plaintiffs that the signage requirement violates their constitutional rights, it can issue injunctive relief against the Department and declare that the requirement is unconstitutional.  Plaintiffs identify no reason to believe that non-named state's attorneys would enforce the signage requirement without the Department's participation and in the face of a court order finding the requirement unconstitutional, whether formally bound by an injunction or not.  The Court should therefore deny certification of the proposed defendants' class without prejudice to renewal if (a) it enjoins named defendants' enforcement of the signage requirement (or issues some other remedy) and (b) there is substantial evidence that non-named state's attorneys nonetheless intend to enforce the requirement.[1]

If the Court disagrees, however, defendants respectfully request that it require plaintiffs to "giv[e] appropriate notice" to the members of the putative defendant class (at plaintiffs' cost) "of the members' opportunity to signify whether they consider the representation fair and adequate, to intervene and present claims or defenses, or to otherwise come into the action," Fed. R. Civ. P. 23(d)(B)(iii), and to defer certification of a defendants' class until such notice is provided.  *See Henson*, 814 F.2d at 415 ("It would be odd if the rule permitted a defendant class without requiring

---

[1] Indeed, analogous principles arguably make plaintiffs' request for certification of a plaintiffs' class similarly premature.  One plaintiff is a trade association that represents between 300 and 500 gas retailers in Illinois.  *See* Mot. 3; Ill. Fuel & Retail Ass'n ("IFRA"), *About Us*, https://www.fuelingillinois.com/about-us/about-ipma (last visited June 13, 2022).  Any injunction entered against the Department not to enforce the signage requirement would, as a practical matter, likely benefit all gas retailers, as the Department does not distinguish in its enforcement efforts between IFRA members and non-members.  *Cf. Ass'n of Am. Physicians & Surgeons v. FDA*, 13 F.4th 531, 538 (6th Cir. 2021) (describing associational standing as a form of "'representative' litigation").  The Court could thus likewise deny plaintiffs' motion to certify a plaintiffs' class on similar grounds.

notice . . . ."); *Hopson v. Schilling*, 418 F. Supp. 1223, 1241 (N.D. Ind. 1976) (directing plaintiffs to provide notice to members of putative defendant class "of the pendency of this cause, of the issues presented by [the case], of the status of the named plaintiff and defendant as respective class representatives, and of other matters tending to fully disclose to each member of the defendant class the potential of a binding adjudication as to the issues raised by" the case, and to "shoulder the cost" of such notice). Such notice would mitigate any due process issues raised by certification of a putative defendants' class by permitting any state's attorneys who wish to be separately represented, or have other objections to class certification, to appear and make those objections before they become parties to the case.

## CONCLUSION

Defendants do not oppose certification of a plaintiffs' class under Rule 23(b)(2). But the Court should deny without prejudice plaintiffs' motion to certify a defendants' class comprised of state's attorneys.

Dated: June 13, 2022

Respectfully submitted,

KWAME RAOUL
Illinois Attorney General

By: /s/ Alex Hemmer

David Tichy
Assistant Attorney General
Office of the Illinois Attorney General
500 South Second Street
Springfield, Illinois 62701
(217) 782-1841
david.tichy@ilag.gov

Alex Hemmer
Deputy Solicitor General
Office of the Illinois Attorney General
100 W. Randolph Street
Chicago, Illinois 60601
(312) 814-5526
alex.hemmer@ilag.gov