IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ILLINOIS FUEL & RETAIL ASSOCIATION, SAUNDERS OIL CO., INC., and FREEDOM OIL COMPANY, on their own behalf and on behalf of a Class of Retailers Similarly Situated,<br><br>    Plaintiffs,<br><br>        -vs-<br><br>ILLINOIS DEPARTMENT OF REVENUE and DAVID HARRIS, Director of the Department of Revenue, in his official capacity, and DAN WRIGHT, in his Official Capacity and as Representative for all Illinois State's Attorneys<br><br>    Defendants. | Case No. 3-22-cv-03089-SEM-KLM |

**PLAINIFFS' FIRST AMENDED COMPLAINT**

Now comes ILLINOIS FUEL & RETAIL ASSOCIATION, SAUNDERS OIL CO., INC., and FREEDOM OIL COMPANY, on their own behalf and on behalf of a class of retailers similarly situated (collectively, "Plaintiffs"), and pursuant to the Court's June 23, 2022 Order granting leave to file an Amended Complaint, file this Amended Complaint against the ILLINOIS DEPARTMENT OF REVENUE and DAVID HARRIS, Director of the Department of Revenue, in his official capacity, and DAN WRIGHT, in his Official Capacity and as Representative for all Illinois State's Attorneys (collectively, "Defendants"), and state as follows:

1. This case seeks to protect Plaintiffs' fundamental rights as guaranteed by the Illinois Constitution.

2. Specifically, this action is brought to challenge Defendants' attempts to infringe on Plaintiffs' rights as guaranteed by Article 1, Section 4 of the Illinois Constitution and

        Article 1, Section 2 of the Illinois Constitution.

3.      Defendants are charged with enforcing a recently amended state statute, namely 35 ILCS 505/2, that compels Plaintiffs to speak on behalf of the Illinois government and imposes a penalty on Plaintiffs for violating the statute, but not on others similarly situated.

4.      As such, Plaintiffs seek a declaration that Defendants seek to violate Plaintiffs' clearly established state constitutional rights as set forth herein; a declaration that the statute at issue is facially unconstitutional; a declaration that Defendants' compulsion of Plaintiffs' speech violates the Illinois Constitution; a declaration that SB 157 violates Plaintiffs' equal protection rights guaranteed by the Illinois Constitution; both a preliminary and a permanent injunction enjoining the enforcement of the provisions of the Motor Fuel Tax Law that compel Plaintiffs' speech; and nominal damages for the past loss of Plaintiffs' constitutional rights. Plaintiffs also seek an award of reasonable costs of litigation, including attorneys' fees and expenses.

5.      Plaintiff Illinois Fuel & Retail Association is a trade association serving 500 businesses in the petroleum distribution and retail industries that expressly seeks to foster a cooperative spirit between petroleum marketers, operators, and retailers, and serves as their voice throughout Illinois to benefit and protect their rights and businesses.

6.      The Illinois Fuel & Retail Association seeks to protect the interests of its members, which include Saunders Oil Co., Inc. and Freedom Oil Company, who are directly affected by the amendments to the Motor Fuel Tax Act at issue due to the fines and criminal charges SB 157 seeks to impose upon them in contradiction of their state constitutional rights.

7.      Plaintiff, Saunders Oil Co., Inc., is corporation registered to do business in the State of

Illinois, and is a retailer of motor fuel with retail dispensing devices that are used to dispense motor fuel in the State of Illinois, including Jo Daviess County. *See* Exhibit A.

8. Plaintiff, Freedom Oil Company, is corporation registered to do business in the State of Illinois, and is a retailer of motor fuel with retail dispensing devices that are used to dispense motor fuel in the State of Illinois, including McLean, Peoria, Woodford, Tazewell, and Sangamon Counties. *See* Exhibit B.

9. Defendant, Illinois Department of Revenue, is a department of the State of Illinois under the jurisdiction of the Governor, and is charged with making rules and regulations relating to the administration and enforcement of the Motor Fuel Tax Act. 35 ILCS 505/14.

10. Defendant, David Harris, is the Director of the Department of Revenue and is named in his official capacity.

11. Defendant, Dan Wright, the State's Attorney for Sangamon County, is charged with prosecuting and enforcing violations of state law, and is named in his official capacity, and as a representative for all other Illinois State's Attorneys similarly charged with commencing and prosecuting violations of state law. 55 ILCS 5/3-9005.

12. The Motor Fuel Tax Law, 35 ILCS 505/1, *et. al*, was approved March 25, 1929, and has been in effect since July 1, 1929.

13. The Motor Fuel Tax Law imposes a tax on the privilege of operating motor vehicles upon the public highways and recreational-type watercraft upon the waters of the State. 35 ILCS 505/2.

14. SB 157 recently amended Section 2 of the Motor Fuel Tax Law.

15. Among the amendments to Section 2 include the addition of subsection (a-5), which

provides:

> "Beginning on July 1, 2022 and through December 31, 2022, each retailer of motor fuel shall cause the following notice to be posted in a prominently visible place on each retail dispensing device that is used to dispense motor fuel in the State of Illinois: **"As of July 1, 2022, the State of Illinois has suspended the inflation adjustment to the motor fuel tax through December 31, 2022. The price on this pump should reflect the suspension of the tax increase."** The notice shall be printed in bold print on a sign that is no smaller than 4 inches by 8 inches. The sign shall be clearly visible to customers. Any retailer who fails to post or maintain a required sign through December 31, 2022 is guilty of a petty offense for which the fine shall be $500 per day per each retail premises where a violation occurs." 35 ILCS 505/2(a-5) (emphasis added).

16. The Illinois Department of Revenue has written and mailed notices to retailers informing them of the requirements of SB 157, and has written an informational bulletin that notes the penalties imposed upon any retailer who fails to post the notices. Exhibits C and D.

17. This specific amendment to the Motor Fuel Tax Law requires Plaintiffs and other retailers to choose between making a statement they do not wish to make to their customers or the general public on behalf of the State of Illinois, or facing criminal penalties.

18. SB 157 violates Plaintiffs' Free Speech rights as protected by Article 1, Section 4 of the Illinois Constitution by compelling speech.

19. As government entities and employees, Defendants are mandated to comply with the State Constitution, including Article 1, Section 4 of the Illinois Constitution.

20. The Illinois Supreme Court has recognized that the free speech provision contained in Article 1 Section 4 of the Illinois Constitution is even more far-reaching than the right to free speech as guaranteed by the United States Constitution. *Vill. of S. Holland v. Stein*, 373 Ill. 472, 479 (1940); *see also Montgomery Ward & Co. v. United Retail, Wholesale &*

*Dep't Store Emps. of Am., C.I.O.,* 400 Ill. 38, 45–46 (1948) (finding the free speech provision Illinois Constitution is broader than the federal constitution, "which *merely* prohibited Congress from making any law abridging freedom of speech or of the press." (emphasis added)).

21. It is well-established in the Federal Constitution's less-protective free speech provision that "the right to speak and the right to refrain from speaking are complementary components of the broader concept of 'individual freedom of mind.'" *Wooley v. Maynard*, 430 U.S. 705, 713.

22. The Federal Constitution's Free Speech protections are, in essence, a floor for the protections further guaranteed by the Illinois Constitution.

23. Here, SB 157 violates Plaintiffs' rights, as protected by the Illinois Constitution, by compelling their speech.

24. Regardless of whether the speech compelled is viewed as "political speech," or "commercial speech," or "political commercial speech," the speech compelled is not authorized by the Illinois Constitution.

25. Even though the speech is compelled at a location where commercial transactions occur, as has been recognized by multiple government officials, the nature of the speech is undoubtedly political.

26. When asked to comment on the compelled signage during a House Executive Committee Meeting on April 6, 2022, Representative Michael J. Zalewski stated the signs would serve "as a reminder to the . . . pumping nation . . . the pumping Illinoisans that . . . *as a result of the work of the General Assembly* the [cost of living] adjustment has not gone into effect"

and that as people are pumping gas, "their gaze will fix upon the pump and maybe they'll read about *the good things we did*." (emphasis added).

27. Governor JB Pritzker's recently published "It Means" political campaign advertisement makes direct reference to the Motor Fuel Tax amendment by asserting that "JB froze the gas tax." https://www.youtube.com/watch?v=KdyZ18yJaIU.

28. The list of governmental figures that have recognized that this speech is political is not limited to those currently holding office.

29. In 2000, the Illinois General Assembly amended 35 ILCS 120/2-10 to include a similar sign requiring a notice be posted on motor fuel retail dispensing devices.

30. During the Senate's Regular Session, (then) Senator Barack Obama made the political nature of this speech clear by requesting the signs in his district state "Senator Obama reduced your gasoline prices." https://www.ilga.gov/senate/transcripts/strans91/ST041500.pdf.

31. Years later, while running for President of the United States, Obama asserted, among other things, that others calling for a federal gas tax suspension were merely using a "political ploy" or a "gimmick," that was designed "to get them through an election."

32. The political nature of a gas tax is further exemplified by the ongoing political debates about whether a federal gas tax suspension should be implemented today.

33. Nonetheless, Defendants assert that the signage mandated by SB 157 is justified because it is commercial speech that ensures "customers actually are aware of and obtain the benefit of the General Assembly's suspension of the inflation adjustment to the gas tax." Def.'s Memo (Docket Entry #11) at Pgs 5-6.

34. This alleged goal further demonstrates the political nature of the compelled speech by: 1) alleging the suspension benefits customers; and 2) alleging that customers need to know the General Assembly did something beneficial for them.

35. The signage does not merely state "Applicable taxes are included in price displayed," rather, it details "The State of Illinois" took action, and paraphrases the actual text of the Motor Fuel Tax Law to serve a politicized message concerning the law.

36. The true relevant language of the Law is absent from the required signage, which states:

    > "Beginning July 1, 2021 and until January 1, 2023, the rate of tax imposed on this paragraph shall be 39.2 cents per gallon. On January 1, 2023, the rate of tax imposed on this paragraph shall be increased by an amount equal to the percentage increase, if any, in the Consumer Price Index for All Urban Consumers for all items published by the United States Department of Labor for the 12 months ending in September of 2022." 35 ILCS 505/2(a).

37. SB 157 does not require the law be posted on gas pumps.

38. SB 157 requires a politically charged statement concerning the law be posted on gas pumps.

39. Regardless, whether the impact of a gas tax suspension is actually "beneficial" for consumers, as Defendants have asserted, is now, as it was in 2000 and 2008, consistently debated amongst politicians both in Illinois and throughout the federal government.

40. Politicians continue to debate whether a momentary gas tax suspension (that happens to be during an election season) truly benefits consumers due to the effects it has on state budgets and the economy as a whole.

41. Defendants' allegations that this compelled signage is significant so that consumers know this "benefit" exists for them is political in and of itself.

42. Nonetheless, regardless of whether a benefit exists or not, the signage required cannot be

justified with the assertion that it "ensures customers receive the benefit of the tax suspension," because Illinois law already requires Plaintiffs (and all motor fuel retailers) ensure this occurs through other statutes and regulations.

43. Petroleum retailers are already required to:

    i. Display the total selling price to consumers under 8 Ill. Admin. Code § 600.660;

    ii. And include all taxes in the displayed price under 8 Ill. Admin. Code § 600.820.

44. If Plaintiffs (and other petroleum retailers) fail to include all taxes in the displayed price of the motor fuel they are selling, they are then subject to:

    i. A petty offense for failing to include all taxes in displayed prices of gasoline under 720 ILCS 5/17-5.7(e);

    ii. Financial penalties for violating the Weights and Measures Act and its regulations under 225 ILCS 470/56; and

    iii. Charges of a Class 3 Felony and imprisonment if continued violations occur under 225 ILCS 470/56(2).

45. These laws are already in place to ensure the proper tax rate set by the State of Illinois – whether it be beneficial or detrimental – is passed along to consumers.

46. As a result, the State accomplishes nothing it has not already accomplished through this compelled signage other than requiring Plaintiffs to provide a controversial political message to the public at large.

47. The interest alleged, and any other interest Defendants may allege, in compelling Plaintiffs to engage in such speech is outside the scope of the Motor Fuel Tax Law's purposes and serves no legitimate governmental interest.

48. There is no nexus between forcing Plaintiffs to give up their free speech rights and any legitimate governmental interest.

49. The compulsion is not narrowly tailored in furtherance of a legitimate government interest.

50. The compulsion at issue is not justified.

51. The burden on Plaintiffs' free speech rights resulting from being forced to speak in a way that facilitates the spreading of controversial political statements is not proportional to any governmental interest in forcing Plaintiffs to provide such information as that information can be communicated in any number of alternative ways.

52. One alternative method of communicating this information has already been accomplished with Governor JB Pritzker's aforementioned "It Means" campaign ad that asserts "JB froze the gas tax."

53. As referenced in other parts of Governor Pritzker's political advertisement, SB 157 also amended certain portions of the Use Tax Act to temporarily suspend certain other taxes during the same period of time addressed in the amendment to the Motor Fuel Tax Law.

54. The amendment to the Use Tax Act compels similar speech from similarly situated retailers.

55. Specifically, 35 ILCS 105/3a of the Use Tax Act was amended to include:

> "In addition, retailers who sell items that would have been taxed at the 1% tax rate for the 0% rate imposed under this amendatory Act of the 102nd General Assembly shall, to the extent feasible, include the following statement on any cash register tape, receipt, invoice, or sales ticket issued to customers: "From July 1, 2022 through July 1, 2023, the State of Illinois sales tax on grocers is 0%.". If it is not feasible for the retailer to include the statement on any cash register tape, receipt, invoice, or sales ticket issued to customers, then the retailer shall post the statement on a sign that is clearly visible to customers. The sign shall be no smaller than 4 inches by 8 inches." 35 ILCS 105/3a.

56. While the compelled speech of retailers subject to the Use Tax Act is similar to the compelled speech imposed on retailers subject to the Motor Fuel Tax Law, the criminal penalties imposed under the Motor Fuel Tax Law amendments are noticeably absent from the amendments to the Use Tax Act.

57. As a result, SB 157 treats retailers subject to the Motor Fuel Tax Law differently than retailers subject to the Use Tax Act, and there is no rational basis for this distinction.

58. The imposition of a criminal offense and penalties for some retailers, such as Plaintiffs, who fail to abide by the State's attempts to compel political speech regarding tax suspensions, but not all who are similarly situated, is a clear violation of Plaintiffs' rights as guaranteed by the Illinois Constitution. *See* Ill. Const. art. 1, § 2.

59. As a result of the aforementioned speech compulsion created and adopted under color of state law, which also anticipates enforcement under color of state law, Defendants seek to deprive Plaintiffs of their rights as guaranteed by the Free Speech Clause and the Equal Protection Clause contained in the Illinois Constitution.

60. Defendants seek to share specific political actions taken by state actors by compelling Plaintiffs to engage in political speech.

61. By requiring that Plaintiffs display the particularized message required by SB 157, viewers of the required sign will mistakenly perceive that Plaintiffs have the desire to endorse the political message and to support the state actors. *See* Exhibits A and B.

62. As a direct and proximate result of Defendants' violations of Plaintiffs' rights as guaranteed by the Illinois Constitution, Plaintiffs will suffer irreparable harm, including the loss of their state constitutional rights, entitling them to declaratory and injunctive relief to ensure

the status quo is preserved.

63. Plaintiffs will suffer irreparable injury if relief is not granted by this Court, as Plaintiffs will be charged with a petty offense and a $500 per day fine per violation if Plaintiffs fail to post the compelled notice, and no adequate remedy at law exists. *See* Exhibits A and B.

64. Plaintiffs are likely to succeed on the merits of their claims.

65. WHEREFORE, Plaintiffs respectfully request that:

    i.    This Court render a Declaratory Judgment that SB 157:

        (1)    Violates Art. 1 § 2 of the Illinois Constitution; and

        (2)    Violates Art. 1 § 4 of the Illinois Constitution.

    ii.    This Court enter a preliminary injunction enjoining Defendants from enforcing SB 157 in a way that violates the rights of Plaintiffs;

    iii.    This Court enter an injunction permanently enjoining Defendants from enforcing SB 157 in a way that violates the rights of Plaintiffs;

    iv.    This Court award Plaintiffs attorney's fees and costs against the Defendants; and

    v.    This Court award such other relief as it deems just and equitable.

ILLINOIS FUEL & RETAIL ASSOCIATION, SAUNDERS OIL CO., INC., and FREEDOM OIL COMPANY, on their own behalf and on behalf of a Class of Retailers Similarly Situated,

By:   */s/ Donald M. Craven*
      Donald M. Craven
      Joseph A. Craven
      **Donald M. Craven, P.C.**
      1005 North Seventh Street
      Springfield, IL  62702
      Telephone:  217-544-1777
      Facsimile:  217-544-0713

0
200

E-Mail:  don@cravenlawoffice.com
joe@cravenlawoffice.com
maralee@cravenlawoffice.com

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ILLINOIS FUEL & RETAIL ASSOCIATION, SAUNDERS OIL CO., INC., and FREEDOM OIL COMPANY, on their own behalf and on behalf of a Class of Retailers Similarly Situated,<br><br>Plaintiffs,<br><br>-vs-<br><br>ILLINOIS DEPARTMENT OF REVENUE and DAVID HARRIS, Director of the Department of Revenue, in his official capacity, and DAN WRIGHT, in his Official Capacity and as Representative for all Illinois State's Attorneys<br><br>Defendants. | Case No. 22-3089-SEM-KLM |

**CERTIFICATE OF SERVICE**

I hereby certify that on July 7, 2022, the forgoing document, Plaintiff's First Amended Complaint, was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

David T. Tichy
Assistant Attorney General
500 South Second Street
Springfield, IL 62701
david.tichy@ilag.gov
gls@ilag.gov

Alex Hemmer
100 W Randolph St. 12th Floor
Chicago, IL 60601
alex.hemmer@ilag.gov

/s/ Donald M. Craven

IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT
SANGAMON COUNTY, ILLINOIS

ILLINOIS FUEL & RETAIL ASSOCIATION, )
SAUNDERS OIL CO., INC., and FREEDOM OIL )
COMPANY, on their own behalf and on behalf )
of a Class of Retailers Similarly Situated, )
)
    Plaintiffs, )
)
    -vs- )    Case No.
)
ILLINOIS DEPARTMENT OF REVENUE and )
DAVID HARRIS, Director of the Department of )
Revenue, in his official capacity, and DAN )
WRIGHT, in his Official Capacity and )
as Representative for all Illinois State's Attorneys )
)
    Defendants. )

## COMPLAINT

### AFFIDAVIT

1. My name is Brian Saunders. I am over the age of 18. The statements made herein are made on my personal knowledge and are true and correct, and I hereby swear to them under penalty of perjury.

2. I am the owner of Saunders Oil, Co., which is a member of the Illinois Fuel & Retail Association.

3. Saunders Oil, Co. is a retailer of motor fuel in Jo Daviess County.

4. Saunders Oil, Co. operates one retail facility that will be subject to the amendments of the Motor Fuel Tax Law enacted by SB 157.

5. Both myself and Saunders Oil, Co. find the statements that SB 157 compels from retailers of motor fuel to be political in nature.

6. Neither myself nor Saunders Oil, Co. have any desire to publish the statements that SB 157 compels retailers of motor fuel to publish.

7. Pursuant to the SB 157 amendments, failing to publish this political speech will subject Saunders Oil, Co. to $500 per day for each retail premises, as well as the prosecution of a petty offense.


EXHIBIT A

8. Specifically, Saunders Oil, Co. would be subject to 183 days of penalties at one retail premises, for a total of $91,500.

Further affiant sayeth not.

/s/ _____
Affiant

SUBSCRIBED AND SWORN TO before me
This __19th__ day of __May__, 2022

_____
Notary Public

**OFFICIAL SEAL**
**BENJAMIN WOODEN**
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES: 08/17/24

IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT
SANGAMON COUNTY, ILLINOIS

ILLINOIS FUEL & RETAIL ASSOCIATION, )
SAUNDERS OIL CO., INC., and FREEDOM OIL )
COMPANY, on their own behalf and on behalf )
of a Class of Retailers Similarly Situated, )
)
    Plaintiffs, )
)
       -vs- )    Case No.
)
ILLINOIS DEPARTMENT OF REVENUE and )
DAVID HARRIS, Director of the Department of )
Revenue, in his official capacity, and DAN )
WRIGHT, in his Official Capacity and )
as Representative for all Illinois State's Attorneys )
)
    Defendants. )

## COMPLAINT

### AFFIDAVIT

1. My name is A Michael Owens. I am over the age of 18. The statements made herein are made on my personal knowledge and are true and correct, and I hereby swear to them under penalty of perjury.

2. I am the owner of Freedom Oil Company, which is a member of the Illinois Fuel & Retail Association.

3. Freedom Oil Company is a retailer of motor fuel in multiple counties, including McLean, Peoria, Woodford, Tazewell, and Sangamon Counties.

4. Freedom Oil Company. operates twenty three retail facilities that will be subject to the amendments of the Motor Fuel Tax Law enacted by SB 157.

5. Both myself and Freedom Oil Company find the statements that SB 157 compels from retailers of motor fuel to be political in nature.

6. Neither myself nor Freedom Oil Company have any desire to publish the statements that SB 157 compels retailers of motor fuel to publish.

7. Pursuant to the SB 157 amendments, failing to publish this political speech will subject Freedom Oil Company to $500 per day for each retail premises, as well as the prosecution of a petty offense.

EXHIBIT B

8. Specifically, Freedom Oil Company would be subject to 183 days of penalties at one retail premises, for a total of $2,140,500.

Further affiant sayeth not.

_____
Affiant

SUBSCRIBED AND SWORN TO before me
This __18__ day of __May__, 2022

_Tina Jean Walter_____
Notary Public

OFFICIAL SEAL
TINA JEAN WALTER
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES: 07/14/24

## Illinois Department of Revenue
## Notice for Motor Fuel Retailers - Sign Requirements

Effective July 1, 2022, through December 31, 2022, Public Act 102-0700 requires a notice to be posted in a prominently visible place on each retail dispensing device that is used to dispense motor fuel in the State of Illinois.

- The notice must contain the following statement printed in bold print: **"As of July 1, 2022, the State of Illinois has suspended the inflation adjustment to the motor fuel tax through December 31, 2022. The price on this pump should reflect the suspension of the tax increase."**

- The size of the notice must be no smaller than 4 inches by 8 inches.

The sign provided below may be reproduced and posted. Retailers may also create their own sign that meets the content and size requirements.

For more information, see Informational Bulletin FY 2022-25, Notice to Retailers: Illinois Suspends the Inflation Adjustment to the Motor Fuel Tax Rate for Six Months from July 1, 2022, through December 31, 2022.

FY 2022-25 MF-SIGN (N-05/22)
Printed by authority of the State of Illinois, Web only, One copy

*Directions: On the following page of this document, two sign images are provided for your convenience. Print and cut to the appropriate size, then post in the required locations.*

---

**As of July 1, 2022, the State of Illinois has suspended the inflation adjustment to the motor fuel tax through December 31, 2022.**

**The price on this pump should reflect the suspension of the tax increase.**

EXHIBIT C

# Illinois Department of Revenue
## Notice for Motor Fuel Retailers - Sign Requirements

*Directions: Print this page, cut to remove the notices below (ensure the size is no smaller than 4 inches by 8 inches), and post in the required locations.*

---

**As of July 1, 2022, the State of Illinois has suspended the inflation adjustment to the motor fuel tax through December 31, 2022.**

**The price on this pump should reflect the suspension of the tax increase.**

---

**As of July 1, 2022, the State of Illinois has suspended the inflation adjustment to the motor fuel tax through December 31, 2022.**

**The price on this pump should reflect the suspension of the tax increase.**



Illinois Department of Revenue

FY 2022-25
May 2022

# *i*nformational

## *Bulletin*

**David Harris, Director**

# Notice to Retailers: Illinois Suspends the Inflation Adjustment to the Motor Fuel Tax Rate for Six Months from July 1, 2022, through December 31, 2022

### To: All Motor Fuel Retailers

Public Act 102-0700 suspended the scheduled July 1, 2022, Consumer Price Index for all Urban Consumers adjustment related to the motor fuel tax rate for six months from July 1, 2022, through December 31, 2022.

### Does this change the way retailers report sales of motor fuel on Form ST-1, Sales and Use Tax and E911 Surcharge Return?

No. Retailers must continue to report sales of motor fuel in the same manner. The tax rate in place as of June 30, 2022, will remain in place through December 31, 2022.

### Are there any requirements for retailers?

Yes. Retailers must post a notice in a prominently visible place on each retail dispensing device that is used to dispense motor fuel in the state of Illinois beginning on July 1, 2022, and through December 31, 2022.

**Note:** Any retailer who fails to post or maintain a required sign through December 31, 2022, is guilty of a petty offense for which the fine shall be $500 per day per each retail premises where a violation occurs.

### What are the requirements for the content and size of the notice?

- The notice must contain the following statement printed in bold print: "**As of July 1, 2022, the State of Illinois has suspended the inflation adjustment to the motor fuel tax through December 31, 2022. The price on this pump should reflect the suspension of the tax increase.**"
- The size of the notice must be no smaller than 4 inches by 8 inches.

A printable sign is available on our website at **tax.illinois.gov**.

This bulletin is written to inform you of recent changes; it does not replace statutes, rules and regulations, or court decisions.

For information
Visit our website at:
**tax.illinois.gov**

Call us at:
**1 800 732-8866** or
**217 782-3336**

Call our TDD (telecommunications device for the deaf) at:
**1 800 544-5304**

Email us at:
**REV.TA-Sales@illinois.gov**

Printed by authority of the State of Illinois
FY 2022-25 (N-05/22) Web only, One copy

**EXHIBIT D**